IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-MJ-1775-BR

| | |
|---|---|
| THE STATE OF NORTH CAROLINA, | |
| v. | ORDER |
| ARKALGUD LAKSHMINARASIMHA | |

This matter is before the court on the notice of removal and related documents defendant has filed *pro* se. Defendant appears to attempt to remove to this court a criminal prosecution against him, No. 17CR213083, North Carolina General Court of Justice, District Court Division, Wake County. Pursuant to 28 U.S.C. § 1455(b)(4), this court is required to examine the notice of removal promptly, and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."

The ground on which defendant relies for removal is not apparent. He cites to several obstruction of justice crminal statutes, namely 18 U.S.C. §§ 1503, 1505, 1512, 1513, and 1514. (Notice, DE # 1, at 1.) However, allegations of obstruction of justice, witness tampering, and false imrpsionment do not provide a basis for removal of a state criminal prosecution to federal court. See Brevard Cty., Fla. v. Smaldore, No. 6:14-CV-2041-ORL-41, 2015 WL 3830737, at *3 (M.D. Fla. June 19, 2015). Another basis for removal does not exist. Defendant does not claim to be a federal officer or a member of the armed forces such that 28 U.S.C. § 1442 or § 1442a might apply. In addition, defendant cannot remove the state criminal prosecution under 28 U.S.C. § 1443 because he does not allege that he has been denied or cannot enforce the right

to racial equality in the state court, see North Carolina v. Mitchell, 76 F. Supp. 3d 618, 620 (E.D.N.C. 2014), or "that he is a federal officer, a person assisting a federal officer in the performance of their official duties, or a state officer," Virginia v. El, No. 3:15CV718, 2016 WL 3746376, at *4 (E.D. Va. July 12, 2016). For these reasons, it clearly appears that removal should not be permitted, and this case is REMANDED to Wake County District Court. The Clerk is DIRECTED to serve a copy of this order on the Wake County Clerk of Court, close this case, and, in light of defendant's history of repeatedly filing (and attempting to file) documents in closed cases, see Lakshminarasimha v. Duke Progress Energy, No. 5:15-CV-259-BR, DE # 164 (E.D.N.C. Mar. 30, 2016), refuse to accept any further filings in this case from defendant unless such filing is a notice of appeal.

This 1 September 2017.

_____
W. Earl Britt
Senior U.S. District Judge